UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT EUGENE WOODSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-CV-192 SRC |
| | ) |
| MISSOURI DEPARTMENT OF | ) |
| CORRECTIONS, BONNE TERRE, MO | ) |
| PRISON and UNKNOWN CASE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Self-represented plaintiff Robert Eugene Woodson brings this action under 42 U.S.C. § 1983 for monetary damages due to alleged violations of his civil rights. The matter is now before the Court upon the application of plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 3. Having reviewed the motion and the financial information submitted in this matter, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process against defendant correctional officer Case in his individual capacity only. However, for the reasons discussed below, all other claims will be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's

account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an application to proceed in district court without prepaying fees or costs. ECF No. 3. Although the form application states that an inmate must submit a certified prison account statement, plaintiff has not done so. In his affidavit, however, he states that he has no job, no income, no assets, and no money in his prison account. Despite this, the supplement plaintiff filed in this matter states that he is "receiving $5.00 a month." ECF No. 5 at 1. Based on the financial information plaintiff has submitted, the Court will assess an initial partial filing fee of $1.00. This is twenty percent of plaintiff's monthly deposit amount. 28 U.S.C. § 1915(b)(1)(A); *see also Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes

the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint and Supplemental

Plaintiff is currently confined at Farmington Correctional Center ("FCC"); however, the allegations of his complaint pertain to an incident that occurred at Eastern Reception, Diagnostic & Correctional Center ("ERDCC") located in Bonne Terre, Missouri. Plaintiff alleges defendants "Missouri Department of Corrections, Bonne Terre, MO Prison" and "Correction Officer Case" violated his civil rights under 42 U.S.C. § 1983. ECF No. 1 at 2-3. He brings suit against defendants in both their individual and official capacities. *Id.*

According to plaintiff, ERDCC correctional officer Case violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment when Case assaulted plaintiff at lunch on January 12, 2021. ECF No. 1 at 4. Plaintiff claims that Case slammed plaintiff's hands "in the chuckhole more than once" while plaintiff was holding his food tray. *Id.* Case squeezed plaintiff's hands and wrists between "the door and chuckhole," "crushing them with all his strength." *Id.* Plaintiff states that he did nothing to instigate this assaultive behavior.

Plaintiff asserts that a correctional officer Wideman witnessed the incident and told plaintiff that Case "was not aloud [sic] to do that to [him]." *Id.* at 4, 7. After the incident, Wideman saw the "gash" on plaintiff's hand and on his wrist. Wideman told plaintiff that she had called medical. *Id.* However, "hours later" when "nurse Terry" came to see plaintiff, he looked at plaintiff, said "oh you," and "walked off." *Id.* at 7. Plaintiff was transferred to FCC the next day. *Id.*

As a result of the incident, plaintiff had injuries on his hand and wrist that bled, and both were "badly knotted up." *Id.* at 4. Plaintiff washed off the blood himself due to a lack of medical assistance. He states that he now has a "broken bone or busted nerve or nerves" because a "bone or something (nerve or tendon[]) is sticking out" of his hand. The injury hurts and limits his hand use, including his ability to write. Plaintiff states that he has pain that shoots up his arm "all day" and if he tries to hold something for a short period, his hand swells up. His hand and wrist are scarred. According to plaintiff, despite asking "everyday to see a doctor" regarding his injury, he still has not received any medical attention "due to racist staff." *Id.* at 4, 7. As of the date of the complaint, signed February 5, 2021, plaintiff still had not received medical care for his hand and wrist. *Id.* at 10.

However, on March 22, 2021, the Court received a supplement to the complaint from plaintiff. ECF No. 5. The supplement is dated March 16, 2021 and contains "copies of proof of

injuries to [] hands / and how long it took to see medical." *Id.* at 1.  But plaintiff states that he still hasn't seen a doctor for chronic care treatment for pain.  *Id.*

The attachments seem to indicate that plaintiff had an X-ray done of his left hand on February 18, 2021 that found "old fractures 4 & 5 finger." *Id.* at 4.  Two weeks later plaintiff had a follow-up X-ray done that seemed to find nothing exceptional.  *Id.* at 5.  Apparently based on the initial X-ray results in February, plaintiff received a "splint/cast" on his left thumb and was restricted to "no weight lifting" with his left hand.  *Id.* at 3.  After the follow-up X-ray in March, plaintiff just needed an "ace wrap" on his hand.  *Id.* at 2.

For relief, plaintiff seeks $350,000 in damages.  ECF No. 1 at 5.

### Plaintiff's Other Pending Civil Matter in this Court

About a month after filing this case, plaintiff filed a second § 1983 in this Court regarding the delay and denial of medical treatment for his hand injury.  *See Woodson v. Corizon Health Care, et al.*, No. 4:21-cv-314-HEA (E.D. Mo. filed Mar. 11, 2021).[1]  In the complaint filed in that matter, plaintiff provides some relevant detail on his hand injury that helps explain the supplement he filed in this matter.  Plaintiff asserts that after multiple oral and written requests for medical care, he finally saw N.P. Ms. Harrington on February 18, 2021 and had an X-ray done.  Based on the X-ray, plaintiff was told that his thumb was broken in two places and his fingers "4 & 5" were fractured.  His hand and thumb were placed in a splint.  On March 4, 2021, plaintiff had another X-ray that revealed that his thumb was healing but he was told to wear a bandage until September.  *Id.*

---

[1] The Court may take judicial notice of public records when reviewing a complaint.  *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

**Discussion**

For the reasons detailed below, the Court finds plaintiff's claims against defendant "Missouri Department of Corrections, Bonne Terre, MO Prison" fail to state a claim upon which relief may be granted. As a result, this defendant will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). As to defendant correctional officer Case, plaintiff's official capacity claims fail because they are not cognizable under § 1983. However, liberally construing the allegations of the self-represented complaint, the Court finds that plaintiff does state a valid claim of excessive force against Case in his individual capacity. As such, the Court will direct the Clerk of Court to issue process or cause process to issue against Unknown Case in his individual capacity, as to plaintiff's Eighth Amendment claim.

**I.      Defendant "Missouri Department of Corrections, Bonne Terre, MO Prison"**

It is unclear exactly who plaintiff intends as defendant "Missouri Department of Corrections, Bonne Terre, MO Prison" – the Missouri Department of Corrections ("MDOC") or ERDCC, the prison facility in Bonne Terre, Missouri. The MDOC is a department of the State of Missouri; ERDCC is a state correctional facility. Regardless of which is the intended defendant, claims against both are treated the same as a claim against the State of Missouri itself. Such a claim fails because the State of Missouri is not a "person" for purposes of 42 U.S.C. § 1983, and because the State of Missouri is protected by the doctrine of sovereign immunity.

Plaintiff brings this action under 42 U.S.C. § 1983 for money damages. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, a State is not a 'person' under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Missouri Department of Corrections and ERDCC are arms or divisions of the State of Missouri. An agency exercising state power is also not a "person" subject to a suit under § 1983. *E.g., Barket, Levy &*

*Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power as an arm of the compacting state is not "person" subject to § 1983 suit). Thus, plaintiff's § 1983 claims against the MDOC and ERDCC fail to state a claim upon which relief may be granted.

In addition, the Eleventh Amendment[2] bars suit against a state and its agencies. The MDOC and ERDCC are protected by sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an unconsenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court."); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court."); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." (internal quotation and citation omitted)).

Furthermore, to the extent that plaintiff names defendant "Missouri Department of Corrections, Bonne Terre, MO Prison" as a party to the case in order to assert a claim of delay or denial of medical care, plaintiff's claim fails. As discussed above, the MDOC and ERDCC are protected by sovereign immunity from such a claim. Although the Court must liberally construe the allegations of a self-represented plaintiff's complaint, the Court cannot add defendants to the

---

[2] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI.

case that are not named by the plaintiff.  According to the Eighth Circuit, "pro se status does not excuse [plaintiff's] failure to name the proper parties." *Jackson v. Mo. Bd. of Prob. & Parole*, 306 F. App'x 333 (8th Cir. 2009).  Moreover, as mentioned above, plaintiff already has a second § 1983 case pending in this Court that concerns the delay and denial of medical care for his hand injury.  *See Woodson v. Corizon Health Care, et al.*, No. 4:21-cv-314-HEA (E.D. Mo. filed Mar. 11, 2021).

Therefore, regardless of whether plaintiff intends the MDOC or ERDCC as the named defendant here, claims against both fail to state a § 1983 claim and are barred by sovereign immunity.  As a result, the complaint shall be dismissed as to defendant "Missouri Department of Corrections, Bonne Terre, MO Prison" for failure to state a claim.  28 U.S.C. § 1915(e)(2)(B).

## II.     Defendant Correctional Officer Case

Plaintiff's official capacity claims for monetary damages against defendant Case will be dismissed because they are not cognizable under § 1983.  Defendant Case is an employee of the MDOC – a state agency.  Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri.  *Will*, 491 U.S. at 71; *see also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").  "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Id.*; *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983").  Moreover, in the absence of a waiver, the Eleventh Amendment bars a § 1983 suit against a state official acting in his or her official capacity.  *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998); *see also Andrus ex rel. Andrus v. Ark.*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a

state employee in his official capacity is barred under the Eleventh Amendment."). As a result, plaintiff's official capacity claims against correctional officer Case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Finally, plaintiff alleges individual capacity claims against correctional officer Case as to the alleged assault on plaintiff's hand and wrist. Plaintiff asserts that Case squeezed his hands and wrists as plaintiff was putting his food tray through the chuckhole. According to plaintiff, he did nothing to instigate this behavior by Case and the incident resulted in plaintiff's thumb breaking in two places and the fracturing of his "4 & 5" fingers.

The Eighth Amendment protects inmates from unnecessary and wanton infliction of pain by correctional officers. *Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Officers are permitted to use force reasonably in a good-faith effort to maintain or restore discipline, as long as they do not use force maliciously and sadistically to cause harm. *Id.* Here, plaintiff allegations amount to a use of force by Case that was not part of an effort to maintain or restore discipline but can only be construed as a malicious and sadistic attempt to cause harm and unnecessary infliction of pain. As such, the Court finds that plaintiff's complaint states an Eighth Amendment claim against correctional officer Case in his individual capacity. The Court will therefore direct the issuance of summons on this claim.

## Appointment of Counsel

Finally, plaintiff has filed a motion for appointment of counsel. ECF No. 2. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d

1040, 1043 (8th Cir. 1986).  The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel.  *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005).   This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments."  *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law.  Further, the request for counsel is premature, as defendant has not yet answered, and the Court has not issued any Case Management Order.  The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to plaintiff at this time, and will deny plaintiff's motion for appointment of counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within **thirty (30) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to defendant Unknown Case, a correctional officer at Eastern Reception, Diagnostic & Correctional Center, with regard to plaintiff's Eighth Amendment claim

brought against Case in his individual capacity. Defendant shall be served with process in accordance with the waiver agreement the Court maintains with the Missouri Attorney General's Office for service on Missouri Department of Corrections Employees.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendant "Missouri Department of Corrections, Bonne Terre, MO Prison" because, as to this defendant, the complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendant "Missouri Department of Corrections, Bonne Terre, MO Prison" are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED without prejudice**.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 14th day of May, 2021.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE