UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT EUGENE WOODSON, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) Case No. 4:21-cv-00192-SRC |
| | ) |
| JACOB CASE, | ) |
| | ) |
| Defendant(s). | ) |

### Memorandum and Order

Robert Woodson claims Jacob Case violated his Eighth Amendment rights when Case slammed Woodson's hands "in the chuckhole" of his cell door. However, Woodson filed this lawsuit before completing the prison grievance process—that is, before exhausting the administrative remedies available to him. Because the law requires Woodson to exhaust these remedies before suing over Case's alleged conduct, the Court dismisses his complaint without prejudice.

**I.     Background**

On January 12, 2021, while incarcerated at Missouri's Eastern Reception, Diagnostic & Correctional Center, Woodson claims that Corrections Officer Case slammed his hands "in the chuckhole more than once" while Woodson held his food tray, and Case squeezed Woodson's hands and wrists between "the door and chuckhole . . . crushing them with all his strength." Doc. 1 at pp. 2–4. As a result, Woodson says that he has suffered various injuries. *Id.* at p. 4. Woodson asserts he did nothing to instigate the assault, and that the Department of Corrections transferred him to the Farmington Correctional Center the next day. *Id.* at pp. 4, 7.

Woodson filed this lawsuit in February 2021 and confirmed that he filed a grievance regarding the incident; however, Woodson stated that he received "no response" to his grievance and thus had not taken any steps to appeal. *Id.* at pp. 6–7, 10. Records submitted by Case indicate that the Department of Corrections received Woodson's initial grievance in early February. Doc. 33-3 at p. 2. These records show that the superintendent denied Woodson's grievance in April 2021 and that Woodson appealed the decision. *Id.* at pp. 2–3. Neither party has indicated whether or how the Department of Corrections resolved Woodson's appeal.

**II.   Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the Court is required to view the evidence in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the initial burden of showing both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); Fed. R. Civ. P. 56(a).

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Self-serving, conclusory statements without support are insufficient to defeat summary judgment. *Armour and Co., Inc. v. Inver Grove Heights*, 2 F.3d 276, 279 (8th Cir. 1993). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party

who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III.     Discussion

The Prison Litigation Reform Act mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court. . . . If exhaustion was not completed at the time of filing, dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

"An inmate satisfies § 1997e(a) by pursuing 'the prison grievance process to its final stage' to 'an adverse decision on the merits.'" *Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015) (quoting *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014)). In Missouri prisons, the inmate has exhausted the grievance process upon receiving the grievance appeal response. *See Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012); Doc. 33-2 at p. 18. Section 1997e(a)'s "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Woodson filed this lawsuit in February 2021 and filed his initial grievance at about the same time. Doc. 1; Doc. 33-3 at p. 2. The superintendent's response to the initial grievance did not come until April 2021, and Woodson appealed from that decision. Doc. 33-3 at pp. 2–3. Woodson does not dispute that he failed to exhaust his administrative remedies before filing suit.

3

Doc. 38. Instead, he points the Court to *Patsy v. Board of Regents* and contends that "an individual is not required to exhaust administrative remedies prior to instituting an action under § 1983." Doc. 38 at p. 1; *see Patsy v. Bd. of Regents*, 457 U.S. 496 (1982). He further argues that the Court should excuse his failure to exhaust because he had difficulty obtaining grievance forms and frequently moved to different prison houses. Doc. 38 at pp. 1–2. Neither argument excuses Woodson's failure to exhaust.

*Patsy* held that *non-prisoners* need not exhaust available administrative remedies before filing a section 1983 lawsuit and expressly relied on the exhaustion requirement in section 1997e in reaching that result. *Patsy*, 457 U.S. at 507–12, 516. The Court reasoned that "[s]ection 1997e and its legislative history demonstrate that Congress understood that exhaustion is not generally required in § 1983 actions, and that it decided to carve out only a narrow exception to this rule. A judicially imposed exhaustion requirement [on non-prisoners] would be inconsistent with Congress' decision to adopt § 1997e and would usurp policy judgments that Congress has reserved for itself." *Id.* at 508. The holding in *Patsy* has no applicability to this case because Georgia Patsy was not a prisoner, while Congress requires "prisoner[s]" to exhaust available administrative remedies. § 1997e. Indeed, since *Patsy*, Congress has only made the exhaustion rules for prisoners further reaching. *See* Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 7, 110 Stat. 1321–73.

Woodson's allegations of difficulty securing grievance forms likewise fall flat. While Woodson alleges that various prison officials denied him access to grievance forms, even "unjustified" delay in responding to a prisoner's request for grievance procedures does not excuse the prisoner's failure to exhaust when the prisoner in fact eventually files a grievance and receives a response. *Porter*, 781 F.3d at 452; *but cf. Miller v. Norris*, 247 F.3d 736, 740 (8th Cir.

4

2001) (finding remedies not "available" where prison officials failed for months to respond to inmate's requests for grievance forms). Despite alleged difficulty, the uncontested evidence shows that Woodson filed a grievance within weeks of the alleged assault and received a response from the superintendent. Moreover, prison officials "did not prevent him from utilizing grievance procedures" because Woodson "was able to file a grievance." *Porter*, 781 F.3d at 452; Doc. 33-3.

## IV.   Conclusion

In sum, Woodson failed to exhaust available administrative remedies at the time he filed this lawsuit and no grounds exist to excuse this failure. Thus, "dismissal is mandatory." *Johnson*, 340 F.3d at 627. The Court grants Case's [33] motion for summary judgment and dismisses Woodson's complaint without prejudice. A separate judgment accompanies this order.

So Ordered this 16th day of February 2022.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE